UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MYKEL MICKENS,

  Plaintiff,

-VS-

NAVIENT SOLUTIONS, INC.,

  Defendant.

_____/

CASE NO.: 3-16-cv-335-CRS

## COMPLAINT

COMES NOW, Plaintiff, Mykel Mickens, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

   4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

   5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

   6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.  Venue is proper in this District as Plaintiff resides within this District (Jefferson County, Kentucky), the violations described in this Complaint occurred in this District and the Defendant transacts business within Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky.

9.  Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.  Defendant, NAVIENT SOLUTIONS, INC (hereinafter "Navient Solutions"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Kentucky through its registered agent Corporation Service Company, located at 421 W. Main St., Frankfort, KY 40601.

11.  NAVIENT SOLUTIONS, INC. called Plaintiff approximately 100 times since February, 2015, in an attempt to collect on a student loan debt.

12.  Upon information and belief, some or all of the calls NAVIENT SOLUTIONS, INC. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he received numerous prerecorded messages from NAVIENT SOLUTIONS, INC.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (502) ***-2702 and was the called party and recipient of Defendant's calls.

14. Beginning on or about February, 2015, NAVIENT SOLUTIONS, INC. began bombarding Plaintiff's cellular telephone (502) ***-2702 in an attempt to collect on a student loan debt.

15. Plaintiff has revoked consent to be called several times, with the first revocation coming approximately 10 calls after the campaign of telephone harassment began; on or about March, 2015.

16. Plaintiff continued to revoke consent to be called every time he received approximately 10 more calls from Defendant. Despite these revocations, Plaintiff continued to receive prerecorded messages from Defendant on his cellular telephone after March, 2015 through the filing of this complaint in May, 2016.

17. NAVIENT SOLUTIONS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18. NAVIENT SOLUTIONS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or NAVIENT SOLUTIONS, INC., to remove the number.

19. NAVIENT SOLUTIONS, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NAVIENT SOLUTIONS, INC. they do not wish to be called.

20. NAVIENT SOLUTIONS, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21. NAVIENT SOLUTIONS, INC. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22. NAVIENT SOLUTIONS, INC. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23. NAVIENT SOLUTIONS, INC.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from NAVIENT SOLUTIONS, INC. call list.

24. NAVIENT SOLUTIONS, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25. Not one of NAVIENT SOLUTIONS, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. NAVIENT SOLUTIONS, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

27. Plaintiff fully incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

28. NAVIENT SOLUTIONS, INC. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified NAVIENT SOLUTIONS, INC. that Plaintiff wished for the calls to stop

29. NAVIENT SOLUTIONS, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Andrea Wasson*
Andrea Wasson, Esquire
Wasson & Thornhill
3000 Breckenridge Ln.
Louisville, KY 40220
Tele: (502) 964-7878
Attorney for Plaintiff
andrea@wassonthornhill.com